```
                                                    FILED _____ ENTERED
                                                    LOGGED _____ RECEIVED
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND              NOV 06 2002

                                                         AT BALTIMORE
                                                    CLERK U.S. DISTRICT COURT
                                                     DISTRICT OF MARYLAND
UNITED STATES OF AMERICA         :                BY                    DEPUTY
                                 :
v.                               :   Civil Action WMN-02-2018
                                 :
$17,930.19 U.S. CURRENCY         :
```

### MEMORANDUM

Before the Court are MZBC, Inc.'s, the owner of the currency at issue, Motion to Dismiss Verified Complaint for Forfeiture (Paper No. 5) and the government's Motion for Reconsideration of the Denial of a Request for a Stay of Proceedings (Paper No. 11). The motions are ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that MZBC, Inc.'s motion will be denied and that the government's motion will be granted.

On April 10, 2002, the government seized Defendant property pursuant to a search warrant issued by United States Magistrate Judge James Bredar. The government then filed this civil forfeiture action on or about June 14, 2002, alleging that Defendant property is forfeitable to the United States pursuant to 21 U.S.C. §§ 981(a)(1)(A) and 1956(a)(3)(A). MZBC now argues that the Court should dismiss the Verified Complaint for Forfeiture and order the government to return the currency to MZBC because it did not send interested parties any written

notice of the forfeiture, and as a result violated the mandatory notice provisions of 18 U.S.C. § 983(a)(1)(A)(i). Section 983(a)(1)(A)(i) requires the government in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute to send written notice to interested parties in a manner "to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." In this case, the government seized the property prior to filing the civil judicial action. The property was seized as evidence, pursuant to the search warrant, not for the purpose of forfeiture. Thus, the sixty day notice provision does not apply because a nonjudicial forfeiture proceeding was not commenced. Because the notice provision does not apply to this situation, the Court will deny MZBC's motion to dismiss.

The government has filed a motion for reconsideration of this Court's denial of a request for a stay of proceedings. The government initially filed a motion to stay the proceedings pending sentencing in a related criminal case. In its first motion, the government cited an ongoing criminal tax investigation and a separate investigation into charges of witness tampering, which resulted in a conviction and sentencing. Because the sentencing had occurred, the Court denied the government's motion as moot. The government now moves for a stay

of discovery proceedings pending the resolution of the criminal tax investigation against Margaret and William Anthony Benbow and their tax business, MZBC, Inc. The government argues that the discovery process in this case would interfere with its criminal investigation and anticipated criminal prosecution should indictments be returned at a subsequent date by the grand jury. MZBC, Inc. opposes the motion only to the extent that the stay would delay the Court's ruling on its' pending motion to dismiss. Because the Court will deny MZBC's motion to dismiss, the Court determines that the motion to stay should be granted, for the reasons stated in the motion. A separate order consistent with this memorandum will issue.

                                                                       _____
                                                                       William M. Nickerson
                                                                       Senior United States District Judge

Dated: November 6, 2002